United States District Court
Southern District of Texas
**ENTERED**
October 19, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| **RENE R. GUERRA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:21-CV-99** |
| | § | |
| **21ST MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>REPORT AND RECOMMENDATION</u>
## <u>OF THE UNITED STATES MAGISRATE JUDGE</u>

Before the Court is Defendant's Motion to Dismiss with Prejudice or Alternatively Without Prejudice, which is based on Plaintiff's alleged failure to comply with the Court's scheduling order and failure to take necessary steps to prosecute his case. (Dkt. No. 43). Upon review of the record and the relevant law, the Undersigned RECOMMENDS that this case be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure to prosecute and to comply with court orders.

## I. BACKGROUND

Plaintiff Rene R. Guerra ("Plaintiff") filed this action against 21st Mortgage Corporation ("Defendant") in the 49th Judicial District Court of Zapata County, Texas on August 2, 2021, because of Defendant's attempted foreclosure of real property located at 5310 McAllen Lane, Zapata, Texas 78076.[1] (Dkt. No. 1 at 1–2.).[2] On August 26, 2021, Defendant removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1). On October 21, 2021, Defendant filed an advisory stating that Plaintiff's former counsel was unresponsive to attempts at conferring as required by Federal Rule of Civil Procedure 26(f)(1). (Dkt. No. 4). On November 1, 2021, Plaintiff's former counsel was also

---

[1] Plaintiff's complaint asserted claims for breach of contract, unfair debt collection practices and for a declaratory judgment and requested a Temporary Restraining Order, a permanent injunction, unspecified actual damages, and attorney's fees. (Dkt. No 1-5 at 5–9.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

unresponsive to questions regarding whether or not he would represent Plaintiff in federal court. (Dkt. No. 6).

On November 18, 2021, Plaintiff appeared *pro se* for the Initial Scheduling Conference, (Min. Entry Nov. 18, 2021), and the Court entered a Scheduling Order, which included multiple deadlines. (Dkt. No. 9). Under the terms of the Scheduling Order, the parties were to (1) exchange Rule 26(a)(1) Initial Disclosures by December 17, 2021; (2) serve initial written discovery by January 7, 2022; (3) designate expert witnesses by March 2022; (4) conduct mediation by May 22, 2022; (5) complete all discovery by July 29, 2022; and (6) file dispositive motions by June 30, 2022. (*Id.*) In accordance with the Scheduling Order deadlines, Defendant timely served Plaintiff with its initial disclosures and discovery and attempted to timely conduct mediation. (Dkt. No. 43 at 2). Plaintiff, on the other hand, failed to serve any disclosures, failed to answer any discovery, failed to agree to a mediator or any mediation dates, and failed to designate any experts. (*Id.*).

The Court also set a status conference for December 20, 2021, (Dkt. No. 9 at 2; Dkt. No. 11). Plaintiff did not appear for this status conference. (Min. Entry Dec. 20, 2021). Therefore, on December 22, 2021, the Court issued the first Order to Show Cause with a response deadline of January 4, 2021. (Dkt. No. 13). Despite the warning regarding possible sanctions and dismissal of his claims for failure to prosecute under Rule 41(b), (*Id.* at 1–2), Plaintiff failed to file a timely response. On January 6, 2022, the Court issued the second Order to Show Cause regarding Plaintiff's failure to attend the December status conference and failure to respond to the first Order to Show Cause. (Dkt. No. 15).[3] On January 18, 2022, Plaintiff filed a response stating only that he missed the December 20, 2021, status conference because he could not see his emails while working, which he appears to indicate as being from dates of December 20 to 21. (Dkt. No. 18-1 at 1). Plaintiff's response did not adequately explain why this would have prevented him from seeing the notice for that conference was issued on December 14, 2021. (Dkt. Nos. 18 & 19). Defendant's response also failed to address his failure to respond to the first Order to Show Cause. (Dkt. No. 18).

On January 21, 2022, the Court set a status conference and specifically ordered Plaintiff to contact Defendant's counsel to confer regarding settlement negotiations,

---

[3] The Court once again warned Plaintiff of possible sanctions and dismissal of his claims for failure to prosecute under Rule 41(b). (*Id.* at 1–2).

discovery, scheduling order deadlines, and the general status of the case. (Dkt. No. 19). On February 24, 2022, Plaintiff appeared for the status conference and informed the Court that he had not contacted Defendant's counsel to confer, as was specifically directed in the Order. (Min. Entry Feb. 24, 2022). The Court advised Plaintiff that he had violated the Court's Order of January 21, 2022 and advised that it was taking under advisement whether to issue a third Order to Show Cause. (*Id.*).

Following the status conference, the Court issued a second order for the parties to confer and file joint advisory regarding the status of case by March 10, 2022. (Dkt. No. 21). On that date, Defendant's counsel filed an advisory stating that he had attempted to confer with Plaintiff, but Plaintiff only responded with his phone number, and failed to respond to further emails from Defendant on March 3rd, 4th, and 8th. (Dkt. No. 23 at 2–3). On March 11, 2022, Defendant filed a supplement to its advisory, stating that the parties conferred on the afternoon of March 10th and had discussed Plaintiff's failure to respond to discovery requests and Defendant's opposition to Plaintiff's request for another extension. (Dkt. No. 25).

On March 30, 2022, the Court issued an advisory reminding the parties that failure to comply with the Scheduling Order deadlines may result in sanctions. (Dkt. No. 27).

On April 5, 2022, Defendant filed a motion to deem requests for admissions served on December 17, 2021, based on Plaintiff's failure to respond. (Dkt. No. 28). On April 7, 2022, the Court ordered Defendant to confer with Plaintiff and to supplement its motion with a certificate of conference. (Dkt. No. 29). On April 14, 2022, Defendant filed a Certificate of Conference summarizing its multiple unsuccessful attempts to contact Plaintiff, with no response. (Dkt. No. 30). On April 28, 2022, the Court granted Defendant's unopposed motion,[4] and ordered that the requests for admissions were deemed admitted. (Dkt. No. 31).

On May 4, 2022, Defendant filed an advisory regarding Plaintiff's failure to respond to three requests by email to schedule mediation. (Dkt. No. 32). On May 5, 2022, the Court ordered Plaintiff to communicate with Defendant regarding mediation by May 13, 2022, and to file an advisory informing the Court of the status of their

---

[4] The motion was deemed unopposed due to a lack of a response by Plaintiff. S.D. Tex. L.R. 7.4.

communications no later than May 17, 2022. (Dkt. No. 33). The Order also included a warning regarding possible sanctions and dismissal of Plaintiff's claims for failure to prosecute under Rule 41(b). (*Id.* at 1–2).

On May 12, 2022, Defendant filed an advisory stating that Plaintiff contacted Defendant by phone on May 6th, stating that he no longer wanted to proceed with the suit if Defendant would agree not to seek a deficiency or attorney's fees. (Dkt. No. 35). Defendant subsequently sent Plaintiff an email telling him that Defendant would not seek a deficiency or attorney fees and attached a draft of a stipulation of dismissal. (*Id.*). That same day, the Court ordered the parties to file closing documents in the form of a signed stipulation of dismissal by June 27, 2022. (Dkt. No. 36).

On June 13, 2022, Defendant filed an advisory stating that Defense counsel had attempted to confer with Plaintiff regarding the execution of dismissal documents multiple times. (Dkt. No. 37). However, Plaintiff did not respond to Defense counsel's attempts at conferring. (*Id.* at 1). On June 16, 2022, the Court issued an Order reminding the parties of their obligation to comply with the June 27th deadline—absent a properly supported motion to extend—and warned of a possible hearing to address the status of the closure of this case. (Dkt. No. 38).[5] On June 20, 2022, Defendant filed another advisory stating that Defense counsel had, again, unsuccessfully attempted to confer with Plaintiff regarding the execution of a stipulation of dismissal. (Dkt. No. 39).

As a result, the Court set a hearing for July 13, 2022, to address the parties' purported agreed resolution of the case. (Dkt. No. 40).[6] The Court ordered Plaintiff to appear in-person. (*Id.* at 1). On July 11, 2022, the Court issued a notice resetting the hearing for July 14, 2022. (Dkt. No. 41). Plaintiff did not appear at the July 14 hearing. (Min. Entry July 14, 2022). Furthermore, at the hearing, Defense counsel informed the Court that he had emailed Plaintiff to inform him of the hearing and that he was expected to appear in-person. (*Id.*). To date, the parties have not filed a signed stipulation of dismissal.

On July 27, 2022, the Court issued an Order to Show Cause, directing Plaintiff to file by August 5, 2022, a written response showing the following: (1) why he failed to

---

[5] Once again, the Court warned of possible sanctions. (*Id.*)

[6] Again, the order included a warning of possible sanctions and dismissal of his claims for failure to prosecute under Rule 41(b). (*Id.* at 2).

attend the July 14, 2022 hearing, (2) why he failed to comply with the Court's deadline for closing documents, and (3) why his case should not be dismissed for failure to prosecute. (Dkt. No. 42)[7]. As of the date of this Report and Recommendation, Plaintiff has not responded.

Additionally, Plaintiff has failed to comply with Rule 83.4 of the Local Rules for the Southern District of Texas, which requires a *pro se* litigant to update the Clerk in writing of his current mailing address, as shown by mail being returned undeliverable multiple times, (Dkt. Nos. 17, 20, 26, & 50).

On July 28, 2022, Defendant filed the instant Motion to Dismiss with Prejudice or Alternatively Without Prejudice summarizing various issues discussed above. (Dkt. No. 43).

## II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action for a plaintiff's failure to prosecute or to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Rule 41(b) dismissals with prejudice are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-GNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, dismissals with prejudice are appropriate when courts have found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* "A dismissal under Rule 41(b) is with prejudice unless otherwise stated in the dismissal order." *Boykin v. Wells Fargo Fin. Tex., Inc.*, No. CV 4:17-02663, 2017 WL 6209606, at *3 (S.D. Tex. Dec. 8, 2017).

Moreover, "A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." S.D. Tex. L.R. 83.4. A district court may involuntarily dismiss a *pro se* litigant's claims under Rule 41(b) for failure to maintain a current mailing address as long as such failure suggests that the litigant is no longer interested

---

[7] Yet again, the Court warned of possible sanctions and dismissal of his claims for failure to prosecute under Rule 41(b). (*Id.* at 2).

in pursuing their claims. *See Figueroa-Hernandez v. United States*, 2005 WL 2263462, at *3 (S.D. Tex. Aug. 31, 2005), *report and recommendation adopted*, Civil No. M-02-398 (S.D. Tex. Sept. 14, 2005). Furthermore, when a party fails to appear at a conference, "trial courts must be allowed leeway in the difficult task of keeping their dockets moving." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "Failure to attend a hearing is a critical default." *Id.* Finally, although courts should be "appropriately lenient," with *pro se* litigants, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (citation omitted).

### III. FINDINGS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's lawsuit should be dismissed for failure to prosecute or to comply with a court order.

This case presents a clear record of delay and contumacious conduct. As detailed above, Plaintiff failed to comply with multiple orders from the Court, including failing to comply with the Scheduling Order, failing to respond to Orders to Show Cause, failing to attend conferences, and failing to comply with other court orders. Furthermore, Plaintiff has failed to prosecute his case. Plaintiff has failed to take steps to pursue his claims. He has failed to respond to written discovery propounded on him by Defendant, and he has neglected to initiate any discovery activity in this case. One such example is his failure to respond to either written requests for admissions or Defendant's subsequent Motion to Deem Admissions as Admitted, (Dkt. No. 28). Plaintiff's lack of intent to prosecute his case is further reflected by his statement to Defendant over the phone that he desired to dismiss the case. Additionally, Plaintiff has failed to file a response to Defendant's motion to dismiss, (Dkt. No. 43). Pursuant to Local Rule 7.4, "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

Finally, over the course of this litigation, Plaintiff has failed to accept copies of the Court's orders sent to him by certified mail at the mailing address he lists with the Court. The Court previously admonished Plaintiff about his failure to claim certified mail sent by the Court. (Min. Entry for Feb. 24, 2022). Yet Plaintiff continued to leave his mail unclaimed. (*See, i.e.*, Dkt. Nos. 20 & 50). Plaintiff was not clear with the Court as to whether he has provided a correct current mailing address or whether he has consciously

decided to not claim his mail addressed from the Court.[8] To the extent Plaintiff has failed to provide the Court an updated address as required by the Local Rules, this constitutes another reason Plaintiff's case should be dismissed under Rule 41(b) for failure to prosecute. *See Lewis v. Hardy,* 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (per curiam) (stating that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *see also Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (affirming dismissal for failure to comply with local rule requiring *pro se* litigants to keep the court apprised of their correct address). Plaintiff's failure to provide an updated address or—in the alternative—to accept mail addressed from this Court, in addition to the other circumstances articulated above, suggest that Plaintiff no longer wants to pursue this case. *See Figueroa-Hernandez,* 2005 WL 2263462 at *3.

The Court further finds that lesser sanctions, including additional warnings or orders to pay attorneys' fees or a fine would not prompt diligent prosecution. As discussed above, the Court has warned Plaintiff on several occasions that failure to comply with any of the Court's orders may result in being sanctioned and/or in the dismissal of his claims. (*See* Dkt. Nos. 13, 15, 27, 33, 38, 40, & 42). Because plaintiff failed to serve any disclosures, failed to answer any of the discovery sent by Defendant, failed to send any discovery to Plaintiff or designate any expert witnesses, lesser sanctions of exclusion of evidence or witnesses, as suggested in *Farmer v. La. Elec. & Fin. Crimes Task Force,* 553 F. App'x 386, 390 (5th Cir. Jan. 16, 2014), would likely also not be effective. Given Plaintiff's failure to prosecute this lawsuit, beyond filing a petition in state court before the case was removed to federal court, a conditional dismissal such as that suggested in *McNeal,* 842 F.2d at 793, would not appear to prompt further action by Plaintiff. *See Wilson v. Wells Fargo Bank, Nat. Ass'n*, No. 3:13-CV-2257-O, 2015 WL 4191300, at *3 (N.D. Tex. July 1, 2015). Moreover, the 14-day period for Plaintiff to object to this recommendation of dismissal will give him the same opportunity to avoid dismissal as a conditional dismissal. *See id*. Therefore, lesser sanctions would be futile. *See id.* (citing *McMillan v. Colvin,* No. 3:12–CV–4729, 2013 WL 5637378, at *2 (N.D. Tex. Oct. 15, 2013) (finding lesser sanctions would be futile and a dismissal with prejudice was warranted

---

[8] Plaintiff has confirmed with the Court that he has been receiving emailed copies of the Court's Orders. (*Id.*). He has not claimed that he has lacked notice of the Court's orders.

where the plaintiff failed to respond to the court's orders despite a warning that failure to respond may result in dismissal of her case, and where she had not taken any action in the case in the past thirteen months).

Lastly, the Court finds all three *Berry* aggravating factors supporting dismissal with prejudice in this case. First, because Plaintiff is proceeding *pro se*, the delay caused by his failure to litigate his case is attributable to him alone. *Berry*, 975 F.2d at 1191; *see also Paskauskiene v. Alcor Petrolab, L.L.P.,* 527 Fed. App'x. 329, 334 (5th Cir. 2013) (noting that given her *pro se* status, the plaintiff's conduct was only attributable to her); *Thrasher v. City of Amarillo,* 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston,* 590 F.2d 609, 613 (5th Cir. 1979) (same). Given that the case has been pending in this Court since August 2021, with no activity by Plaintiff for the past five months[9] and only three contacts with the Court in the 13 months that this case has been in federal court,[10] the Court finds that any further delay in resolving it will result in actual prejudice to Defendant. Plaintiff's refusal to respond to discovery or to communicate with Defendant in order to comply with the Scheduling Order deadlines (all of which have now passed (*see* Dkt. No. 9)) has prevented Defendant from defending the case. *See Wilson*, No. 3:13-CV-2257-O, 2015 WL 4191300, at *4 (finding prejudice to the defendant because the plaintiff's failure to respond to discovery hampered the defendant's ability to defend the case). Finally, Plaintiff has failed to show that his failure to comply with court orders and to cooperate with Defendant resulted from an inability to comply or a misunderstanding, rather than intentional conduct. Therefore, the Court finds that the delay was caused by Plaintiff's intentional conduct.

In summary, considering Plaintiff's intentional failure to comply with multiple court orders, failure to respond to Defendant's multiple attempts at conferring, failure to prosecute his case, and failure to provide an updated address or accept certified mail from the Court constitute a clear record of delay and contumacious conduct by Plaintiff. Moreover, the Court's repeated warnings and other factors indicate that no lesser sanction than dismissal with prejudice would prompt diligent prosecution**.** Furthermore,

---

[9] Plaintiff's most recent communication with Defendant was on May 9, 2022. (*See* Dkt. No. 35).

[10] Plaintiff appeared for a conference on November 18, 2021, (Min. Entry. Nov. 18, 2021), filed a response to an Order to Show Cause on January 18, 2022, (Dkt. No. 18), and appeared for a conference on February 24, 2022, (Min. Entry Feb. 24, 2022).

all three aggravating factors supporting dismissal with prejudice are present in this case.

## IV. RECOMMENDATIONS

As such, it is **RECOMMENDED** that this action be **DIMISSED WITH PREJUDICE** for want of prosecution and failure to comply with the Court's orders, pursuant to Rule 41(b).

The Clerk of Court is **DIRECTED** to (1) mail a copy of this Report and Recommendation by United States Postal Service, return receipt requested, to Plaintiff's last known address of record, and (2) email a copy of this Report and Recommendation to Plaintiff at the following email address: reneguerra8712@gmail.com.

## V. NOTICE OF RIGHT TO OBJECT

Plaintiff may file objections to this Report and Recommendation. Objections to any part of this Report and Recommendation must be specific written objections filed within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on October 19, 2022.

John A. Kazen
United States Magistrate Judge

9 / 9